Citation Nr: 1045631 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 08-10 771 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Cleveland, Ohio

THE ISSUE

Entitlement to service connection for hypertension.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the 
United States

ATTORNEY FOR THE BOARD

Harold A. Beach

INTRODUCTION

The Veteran served on active duty from January 1968 to September 
1970. 

This case was previously before the Board of Veterans' Appeals 
(Board) in March 2010, at which time, it was remanded for further 
development. Following the requested development, the VA Appeals 
Management Center (AMC) in Washington, D.C. confirmed and 
continued the denial of entitlement to service connection for 
hypertension. Thereafter, the case was returned to the Board for 
further appellate action.

After reviewing the record, the Board finds that still additional 
development is warranted prior to further appellate 
consideration. Accordingly, the appeal is REMANDED to the RO via 
the Appeals Management Center (AMC), in Washington, DC. VA will 
notify the appellant if further action is required.

REMAND

The Veteran contends that his hypertension is proximately due to 
or has been aggravated by his service-connected diabetes 
mellitus. Therefore, he maintains that service connection is 
warranted on a secondary basis.

In March 2010, the Board granted the Veteran's claim of 
entitlement to service connection for diabetes mellitus. In June 
2010, the RO assigned a 20 percent schedular rating for that 
disability, effective June 9, 2004.

In its March 2010 remand, the Board considered the report of an 
April 2007 VA examination with respect to whether the Veteran's 
hypertension was proximately due to or the result of his service-
connected diabetes. The VA examiner and a VA endocrinologist had 
opined that the Veteran's hypertension was unlikely to be related 
to his diabetes mellitus, because his hypertension had arisen 
after the diabetes. The Board remanded the case so that the 
logic of that rationale could be clarified. 
In July 2010, the VA examiner and the endocrinologist attached an 
addendum to the April 2007 VA examination report. They concluded 
that it was less likely than not that the Veteran's service-
connected diabetes mellitus would aggravate the Veteran's 
hypertension. In so concluding, they noted that the Veteran's 
renal functions had remained unchanged until April 2009. They 
stated that the Veteran had developed acute renal failure, 
described as diagnosis: kidney, needle biopsy. They cited an 
unspecified comment showing moderate, acute tubular injury and 
evidence of oxalate nephropathy. They also cited a November 18, 
2009 note from the renal service. They noted that the diagnosis 
was not consistent with a diabetic nephropathy that presented a 
slow, progressive deterioration of renal functioning that could 
impact hypertensive disease. 

Unfortunately, there are no records in the file reflecting the 
Veteran's treatment after January 2007. Because an April 2009 
episode of renal failure and a November 11, 2009 note from the 
renal service are cited in the July 2010 opinion, the associated 
records must be requested for inclusion with the claims file. 
Accordingly, the case is REMANDED for the following actions:

1. Request that the Veteran identify the 
names and addresses of all health care 
providers/medical facilities where he was 
treated since January 2007 for renal 
disability, diabetes, and hypertension. 
Also request that the Veteran identify 
the dates of that treatment. Such 
information must include, but is not 
limited to, all records associated with 
an April 2009 episode of acute renal 
failure and a November 18, 2009 report 
from the renal service. 

All treatment records must be requested 
directly from each health care provider 
and medical facility identified by the 
Veteran. Such records should include, 
but are not limited to, discharge 
summaries, consultation reports, X-ray 
reports, reports of electrodiagnostic 
studies, reports of laboratory studies, 
daily clinical records, doctor's notes, 
nurse's notes, and prescription records. 
Also request that the Veteran provide any 
such records he may have in his 
possession. 

A failure to respond or a negative reply 
to any request must be noted in writing 
and associated with the claims folder. 

If the identified records are held by VA 
or other Federal department or agency, 
efforts to obtain those records must 
continue until it is determined that they 
do not exist or that further attempts to 
obtain them would be futile. The non-
existence or unavailability of such 
records must be verified by each Federal 
department or agency from whom they are 
sought. 38 U.S.C.A. § 5103A(b) (West 
2002); 38 C.F.R. § 3.159(c)(2)(2010).

If the requested records are unavailable, 
but are held by an entity not affiliated 
with the Federal government, notify the 
Veteran and his representative in 
accordance with the provisions of 
38 U.S.C.A. § 5103A(b)(West 2002); 
38 C.F.R. § 3.159(e) (2010).

2. When the actions requested in Part 1 
have been completed, undertake any other 
necessary development, such as any 
indicated VA examinations. Then 
readjudicate the issue of entitlement to 
service connection for hypertension. 

If the benefit sought on appeal is not 
granted to the Veteran's satisfaction, he 
and his representative must be furnished 
a Supplemental Statement of the Case and 
afforded an opportunity to respond. 
Thereafter, if in order, the case should 
be returned to the Board for further 
appellate action. 

By this remand, the Board intimates no opinion as to the final 
disposition of any unresolved issue. 

The Veteran need take no action unless he is notified to do so. 
However, he is advised that he has the right to submit additional 
evidence and argument on the matter the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
FRANK J. FLOWERS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).